1  David H. Boren, Esq. SBN 186316
      dboren@rlscf.com
2  Gregory N. Weisman, Esq., SBN 172248
3     gweisman@rlscf.com
4  RITHOLZ LEVY SANDERS CHIDEKEL & FIELDS LLP
   2029 Century Park East, 19th Floor
5  Los Angeles, CA 90067
6  Bus: (310) 282-9449
7  Fax: (310) 282-2549

8  Attorney for Plaintiff
9  DIAMOND SUPPLY COMPANY

FILED
CLERK, U.S. DISTRICT COURT

SEP - 3 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIAMOND SUPPLY COMPANY, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FOREVER 21, INC., a Delaware corporation and DOES 1-10 inclusive,<br><br>Defendants. | CV13-06440-RSWL (JCx)<br><br>PLAINTIFF DIAMOND SUPPLY COMPANY'S COMPLAINT AGAINST DEFENDANT FOREVER 21, INC. FOR:<br><br>(1) FEDERAL TRADEMARK INFRINGEMENT;<br>(2) FALSE DESIGNATION OF ORIGIN AND FEDERAL UNFAIR COMPETITION;<br>(3) STATE TRADEMARK INFRINGEMENT;<br>(4) STATE UNFAIR COMPETITION;<br>(5) UNJUST ENRICHMENT; AND<br>(6) ACCOUNTING.<br><br>DEMAND FOR JURY TRIAL |

0007069

COMPLAINT

Plaintiff DIAMOND SUPPLY COMPANY dba DIAMOND SUPPLY CO. ("Diamond") is informed and believes, and based thereon, alleges against Defendant FOREVER 21, INC. ("Forever 21") and DOES 1 through 10, inclusive, as follows:

## THE PARTIES

1. Plaintiff Diamond Supply Company is a California corporation organized and existing under the laws of the state of California.

2. Upon information and belief, Defendant Forever 21, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 3880 North Mission Road, Los Angeles, California 90031.

3. The true names and capacities of Defendants sued as Does 1 through 10 are unknown to Diamond at this time, who therefore sues these Doe Defendants by such fictitious names. Diamond will seek leave to amend this Complaint to insert the true names and capacities of the fictitiously named Defendants when they are ascertained. Diamond is informed and believes, and based thereon alleges, that each of the Defendants sued as Does 1 through 10 are in some manner involved in the actions alleged below and therefore are responsible or liable for the acts, occurrences, damages and claims for relief alleged in this Complaint.

4. Diamond is informed and believes, and based thereon alleges, that at all times relevant to this Complaint, the above-named Defendants, and each of them, were the agents, servants, employees, general partners, successors-in-interest, predecessors-in interest, co-venturers, co-owners, purported co-authors or joint authors or alter egos of the Defendants or the remaining Defendants and, in doing the acts alleged herein, each was acting within the course and scope of such agency, service, employment, partnership, interest, venture or alter ego capacity with the authorization and/or ratification of their principals or the remaining co-Defendants.

0007069

1

COMPLAINT

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over this action in accordance with 28 U.S.C. §§ 1331, 1338(a) and (b) and 15 U.S.C. § 1114, et seq. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Forever 21 because it maintains its principal place of business in California and conducts business and enters into contracts within California.

7. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred in this district and the defendants maintain their principal place of business in this district.

## THE ALLEGATIONS

8. Diamond is a clothing and skateboarding hardware company founded in 1998. Over the past 15 years, through shrewd promotion and extensive marketing, Diamond has become one of the most recognized brands in the streetwear and action sports fields for clothing, accessories and skate hardware gear.

9. Since at least as early as January 1, 1999, Diamond has used the DIAMOND SUPPLY CO. (words only) trademark (the "Diamond Name") and certain stylized logos to identify itself as the sole source of its goods.

10. The most prolific of Diamond's stylized trademarks is the so-called "Brilliant" logo – which is a picture of a cut diamond (pictured below) oriented in side view (the "Brilliant Logo"):



1  11. More recently, Diamond has introduced another stylized variant of its
2  diamond logo (the so-called "Rock" logo) – which is also a picture of a cut diamond
3  (pictured below) oriented in side view and in the same outline as the Brilliant Logo,
4  but with fewer lines and, therefore, visual depth (the "Rock Logo"):



11  12. Diamond obtained a US registration for the DIAMOND SUPPLY CO.
12  word mark on November 3, 2009 in International Class 25 (USPTO Reg. No.
13  3704642), memorializing a Date of First Use in Commerce of January 1, 1999.
14  13. Diamond obtained a US registration for the Brilliant Logo on July 23,
15  2013 in International Class 25 (USPTO Reg. No. 4372413), memorializing a Date of
16  First Use in Commerce of December 31, 1998.
17  14. On November 14, 2011, Diamond filed a trademark application for
18  registration of the Rock Logo (USPTO Serial No. 85472029), which application
19  remains pending. Diamond has made use in commerce of such Rock Logo.
20  15. The Diamond Name, Brilliant Logo and Rock Logo are sometimes
21  herein collectively referred to as the "Diamond Marks."
22  16. In addition to being the owner of federal trademark registrations for the
23  Diamond Name and the Brilliant Logo in International Class 25 (and others), the
24  Diamond Marks have become very well-known over this time period and are
25  associated with Diamond by the consuming public since at least as early as January 1,
26  1999.
27  17. Diamond is currently one of the best selling and hottest brands in
28  "streetwear" and is a top selling brand at numerous mall retailers, including PacSun

and Zumiez, among others, and at times, the Number 1 selling brand. Diamond has worked tirelessly to advertise and promote the Diamond brand in connection with its apparel, footwear, and accessories bearing the Diamond Marks. Diamond has spent substantial sums on advertising, marketing and promoting the Diamond Marks, including high profile sponsorships with the world's biggest skateboarding athletes and the Rob Dyrdek launched "Street League" skateboarding events, which are televised nationally and internationally. Nick Tershay, the CEO of Diamond, has approximately 654,000 followers on Facebook, 428,000 followers on Instagram and Diamond has grossed over $150,000,000 in sales in its young existence, much of it recently, as its fame and consumer awareness have escalated.

18.  Due to Diamond's extensive and continuous efforts to advertise, market and promote the Diamond Marks, consumers recognize the Diamond Marks as singularly associated with Diamond as the sole source and indication of origin. Diamond has established goodwill and exclusive rights in and to the Diamond Marks.

19.  As is very common with other hot brands or movements, Diamond recently discovered that Forever 21 has been infringing upon the Diamond Marks by using a diamond design deliberately selected to adorn Forever 21 garments in a manner likely to lead to confusion in the marketplace between Diamond and Forever 21. Below are just a few examples of Forever 21 garments with a diamond design or diamond device, some of which even co-opt the word DIAMOND, all unlawfully pirating off of the goodwill and consumer recognition of the Diamond Marks.



http://www.forever21.com/Product/Product.aspx?Br=F21&Category=top&ProductID=2000074278&VariantID=

0007069

4



http://www.forever21.com/Product/Product.aspx?BR=f21&Category=top&ProductID=2000129238&VariantID=



http://www.forever21.com/Product/Product.aspx?Br=F21&Category=top&ProductID=2000129617&VariantID=



http://www.forever21.com/Product/Product.aspx?Br=F21&Category=top&ProductID=2052251511&VariantID=



http://www.forever21.com/Product/Product.aspx?Br=F21&Category=top&ProductID=2051942323&VariantID=

Upon information and belief, Diamond alleges there exist other items of clothing manufactured, distributed and sold by Forever 21 which infringes upon the Diamond Marks.

20. Forever 21's unauthorized use of a diamond design, diamond device and the word DIAMOND:

a. is likely to cause confusion, to cause mistake and/or to deceive customers and potential customers of the parties as between Diamond and Forever 21;

b. is likely to cause confusion, to cause mistake and/or to deceive customers and potential customers of the parties as to the origin, sponsorship or approval of Forever 21's goods, or as to some affiliation, connection or association between Forever 21's goods and Diamond;

c. unlawfully removes Diamond's ability to control the nature and quality of goods containing the Diamond Marks and placing the goodwill and reputation of Diamond in Forever 21's hands, over which Diamond has no control; and

d. unjustly enriches Forever 21.

21. Diamond has been damaged and continues to be damaged by Forever 21's unauthorized use of a diamond design, diamond device and the word DIAMOND on Forever 21's apparel and other goods and services which are sold and advertised for sale to the public (the "Forever 21 Conduct") which is confusingly similar to the Diamond Marks.

22. Unless these unauthorized uses by Forever 21 of the diamond design, diamond device and the word DIAMOND that are confusingly similar to the Diamond Marks is restrained by this Court, it will continue to cause irreparable injury to Diamond for which there is no adequate remedy at law.

## COUNT I

**(For Federal Trademark Infringement Pursuant to Lanham Act § 32 and 15 U.S.C. §1114 against Defendant Forever 21, Inc. and Does 1 through 10)**

23. Diamond incorporates by reference paragraphs 1 through 22 as though fully set forth herein.

0007069

6

24. The acts of Forever 21 complained of herein constitute use in commerce of reproductions, copies or colorable imitations of Plaintiff's federally registered Diamond Marks in connection with the sale, offering for sale, distribution and/or advertising of goods and services in violation of 15 U.S.C. § 1114(1).

25. The Forever 21 Conduct is likely to cause confusion, to cause mistake or to deceive.

26. The Forever 21 Conduct complained of herein has been deliberate, willful and intentional, with complete knowledge of the Diamond Marks and in conscious disregard of Diamond's rights in and to its Diamond Marks and other intellectual property with the intent to capitalize on and trade off of Diamond's brand equity and goodwill in such property.

27. As a result of the foregoing, Forever 21 has been unjustly enriched and Diamond has been damaged and injured. Unless the foregoing actions of Forever 21 are enjoined, Diamond will continue to suffer injury and damage. In addition, Diamond is entitled to recover from Forever 21 the wrongful gains and profits that Forever 21 has obtained by virtue of its trademark infringement, according to proof at trial.

## COUNT II

**(For Federal Unfair Competition and False Designation of Origin Pursuant to Lanham Act § 43(a) and 15 U.S.C. §1125(a) against Defendant Forever 21, Inc. and Does 1 through 10)**

28. Diamond hereby incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

29. The Forever 21 Conduct, on identical and related goods and services, falsely indicates that Forever 21 and its goods and services are affiliated with, sponsored by, related to or somehow associated with Diamond.

30. The Forever 21 Conduct, on identical and related goods and services, is likely to cause confusion, mistake or deception as to the source, business affiliation, connection or association of Forever 21 and its goods and services with Diamond.

31. The Forever 21 Conduct on identical and related goods and services enables Forever 21 to gain the benefit of Diamond's goodwill, which Diamond has established through hard work and expense, and further allows Forever 21 to expand its business and sales due to the reputation and goodwill of Diamond.

32. The Forever 21 Conduct constitutes a false designation of origin as it falsely leads members of the consuming public to believe that such clothing is authorized and approved for sale by Diamond when that is not the case.

33. The Forever 21 Conduct as set forth above constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act and 15 U.S.C. § 1125(a).

34. The Forever 21 Conduct as set forth above have been deliberate, willful and intentional, with full knowledge of the Diamond Marks and in conscious disregard of Diamond's rights in the Diamond Marks and other intellectual property and with the intent to trade off Diamond's brand equity and goodwill in such property.

35. As a result of the foregoing, Forever 21 has been unjustly enriched and Diamond has been damaged and injured. Unless the foregoing actions of Forever 21 are enjoined, Diamond will continue to suffer injury and damage. In addition, Diamond is entitled to recover from Forever 21 the wrongful gains and profits that Forever 21 has obtained by virtue of its unlawful conduct, according to proof at trial.

## COUNT III

**(For Trademark Infringement and Unfair Competition under the Common Law of the State of California against Defendant Forever 21, Inc. and Does 1 through 10)**

36. Diamond hereby incorporates by reference paragraphs 1 through 35 as though fully set forth herein.

37. The Forever 21 Conduct complained of above constitutes trademark infringement and unfair competition in violation of the common law of the state of California.

38. Forever 21, with full knowledge of Diamond's rights in and to the Diamond Marks, and of the valuable goodwill associated therewith, has committed the acts herein willfully, with the intent to trade on, or in complete disregard of, the Diamond Marks.

39. As a result of the foregoing, Forever 21 has been unjustly enriched and Diamond has been damaged and injured. Unless the foregoing actions of Forever 21 are enjoined, Diamond will continue to suffer injury and damage.

40. As a direct and proximate result of Forever 21's unfair competition, Forever 21 has obtained and continues to obtain gains and profits, which will be proven at trial.

41. Forever 21 has competed unfairly with Diamond by infringing on the Diamond Marks with oppression, malice or fraud, entitling Diamond to punitive damages.

## COUNT IV

**(For Unfair Competition Pursuant to Cal. Business & Professions Code § 17200 et seq. against Defendant Forever 21, Inc. and Does 1 through 10)**

42. Diamond hereby incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

43. Forever 21 is offering goods and services, similar to and competitive with the types of clothing goods sold by Diamond.

44. Forever 21 is using a diamond design, diamond device and the word DIAMOND, each and all of which is confusingly similar to the Diamond Marks, despite having knowledge of the Diamond Marks.

45. The Forever 21 Conduct was deliberate, willful, and intentional, and a wrongful attempt to trade off Diamond's goodwill and reputation in the Diamond Marks.

46. By reason of the conduct above, Forever 21 has engaged in unfair, unlawful and/or fraudulent business practices which continues to this day.

47. Due to Forever 21's unfair competition, Forever 21 has unlawfully acquired, and continues to acquire, an unfair competitive advantage and has engaged and continues to engage in wrongful conduct to their advantage and to the detriment of Diamond.

48. The Forever 21 Conduct complained of above constitutes unfair competition in violation of § 17200 et seq. of the California Business and Professions Code (the Unfair Competition Statute) as it is likely to deceive or mislead the public.

49. As a result of the foregoing, Forever 21 has been unjustly enriched and Diamond has been damaged and injured. Unless the foregoing actions of Forever 21 are enjoined, Diamond will continue to suffer injury and damage.

50. Diamond has no adequate remedy at law for Forever 21's violation of its rights. Therefore, Diamond seeks injunctive relief against Forever 21. In addition, Diamond seeks an asset freeze or constructive trust over Forever 21 for all monies derived from Forever 21's infringing sales which belong to Diamond.

## COUNT V

## (For Unjust Enrichment against Defendant Forever 21, Inc. and Does 1 through 10)

51. Diamond hereby incorporates by reference paragraphs 1 through 50 as though fully set forth herein.

52. The Forever 21 Conduct complained of above constitutes unjust enrichment of Forever 21.

53. As a result of the foregoing, Forever 21 has been unjustly enriched and Diamond has been damaged and injured. Unless the foregoing actions of Forever 21 are enjoined, Diamond will continue to suffer injury and damage.

## COUNT VI

## (For an Accounting against Defendant Forever 21, Inc. and Does 1 through 10)

54. Diamond hereby incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

55. Due to the fact that: (a) Diamond has valid and protectable trademarks; (b) there is a likelihood of confusion between the Diamond Marks, on the one hand, and the diamond design, diamond device and/or the word DIAMOND used by Forever 21, on the other; and (c) Forever 21's willful infringement of the Diamond Marks, Diamond is entitled to an accounting as Diamond is entitled to damages and a disgorgement of profits from Forever 21 in connection with its sale of the infringing merchandise.

**WHEREFORE**, Diamond prays for judgment against Forever 21 as follows:

1. Judgment be entered for Diamond on all claims.

2. Forever 21, its affiliates, subsidiaries, parent entities, licensees, contractors, suppliers, predecessors, successors, agents, employees, attorneys and all others acting in active concert or participation with any of them, be enjoined and

restrained, during the course of this action, and permanently thereafter, from:

    a.    making any use at all on any goods or services of any of the Diamond Marks or any colorable or similar marks, designs or devices on its goods;

    b.    importing, exporting, manufacturing, distributing, advertising, marketing or selling any goods or services using any of the Diamond Marks or any colorable or similar marks, designs or devices on its goods, and that Forever 21 be ordered to immediately withdraw all merchandise or other use of any of the Diamond Marks or any colorable or similar marks, designs or devices from all locations selling such infringing merchandise as they are confusingly similar with the Diamond Marks and are likely to deceive the public; and

    c.    doing any act which is likely to confuse, deceive or mislead members of the public into believing that Forever 21, or its goods and services, emanate from, are affiliated with, sponsored or approved by, connected with or associated with Diamond.

3.    That Diamond is entitled to an accounting from Forever 21 so that it can determine Forever 21's revenue resulting from Forever 21's infringing activities and that profits from such revenue be paid to Diamond as determined by this Court.

4.    That Forever 21 be ordered to pay Diamond:

    a.    in accordance with 15 U.S.C. § 1117(a), an award of Forever 21's profits and treble actual damages (including lost trademark royalties) due to Forever 21's infringement of the Diamond Marks in an amount to be determined at trial;

    b.    punitive damages due to Forever 21's violation of California's common law, in an amount to be determined at trial;

    c.    reasonable attorney's fees and costs of this action, due to Forever

21's willful infringement of the Diamond Marks.

5. In accordance with 15 U.S.C. § 1118, Forever 21 be required to deliver to Diamond all items which contain any of the Diamond Marks or any colorable or similar marks, designs or devices, and combination thereof, designation, description, or representation that is the subject of the trademark violation and all plates, molds, matrices, and other means of making the same, so that it can be destroyed in order to eliminate any and all likelihood of confusion in the marketplace.

6. In accordance with 15 U.S.C. § 1116(a), Forever 21 be required to file with the Court, within thirty (30) days after the entry and service on Forever 21 of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Forever 21 has complied with the terms of such injunction.

7. For an order that an asset freeze or constructive trust be imposed over all monies and profits in the possession of Forever 21 emanating from the wrongful conduct which rightfully belongs to Diamond.

8. For its reasonable attorney's fees.

9. For its costs of suit; and

10. For such other and further relief as this Court deems just and proper.

Dated: September 3, 2013     RITHOLZ LEVY SANDERS CHIDEKEL & FIELDS LLP

By: _____
David H. Boren, Esq.
Gregory N. Weisman, Esq.
Attorney for Plaintiff
DIAMOND SUPPLY COMPANY

0007069

13

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff Diamond Supply Company hereby demands a jury trial in this action.

Dated: September 3, 2013

RITHOLZ LEVY SANDERS CHIDEKEL & FIELDS LLP

By: _____
David H. Boren, Esq.
Gregory N. Weisman, Esq.
Attorney for Plaintiff
DIAMOND SUPPLY COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Ronald S.W. Lew_____ and the assigned Magistrate Judge is _____Jacqueline Chooljian_____ .

The case number on all documents filed with the Court should read as follows:

### 2:13-CV-6440-RSWL (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

September 3, 2013                                       By  MDAVIS
Date                                                        Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☒ Western Division | ☐ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                   NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

David H. Boren, Esq., SBN 186316
Gregory N. Weisman, Esq., SBN 172248
Ritholz Levy Sanders Chidekel & Fields LLP
2029 Century Park East, 19th Floor
Los Angeles, CA 90067
Tele: (310) 282-9449
Attorneys for Plaintiff Diamond Supply Company

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Diamond Supply Company, a California corporation, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV13-06440-RSWL (JCx) |
| Forever 21, Inc., a Delaware corporation and DOES 1 through 10 Inclusive, | |
| | SUMMONS |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __David H. Boren_____, whose address is __2029 Century Park East, 19th Floor, Los Angeles, CA 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: September 3, 2013

By: ____MARILYN DAVIS____
        Deputy Clerk

        (Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (10/11)                          SUMMONS



00/00/2013  12:19:27 FAX 2132499990          NATIONWIDE LEGAL                                                    1

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Diamond Supply Company, a California corporation

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Forever 21, Inc., a Delaware corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

David H. Boren, Esq., SBN 186316
Gregory N. Weisman, Esq., SBN 172248
Ritholz Levy Sanders Chidekel & Fields LLP
2029 Century Park East, 19th Floor, Los Angeles, CA 90067 Tele: 310-282-9449

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No       ☒ **MONEY DEMANDED IN COMPLAINT:** $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1114; 15 U.S.C. 1125 (Trademark Infringement, False Designation of Origin, Unfair Competition)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **CV13-06440**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                                      CIVIL COVER SHEET                                      Page 1 of 2



# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
- ☐ A. Arise from the same or closely related transactions, happenings, or events; or
- ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
- ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):**       DATE: September 3, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |