Scott P. Shaw, State Bar No. 223592
  Sshaw@calljensen.com
Samuel G. Brooks, State Bar No. 272107
  Sbrooks@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Defendant Forever 21, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIAMOND SUPPLY COMPANY, a California corporation,<br><br>                Plaintiff,<br><br>     vs.<br><br>FOREVER 21, INC., a Delaware corporation and DOES 1-10 inclusive,<br><br>                Defendants. | Case No.  CV13-06440 RSWL (JCx)<br><br>**ORDER APPROVING STIPULATED PROTECTIVE ORDER**<br><br>**[CHANGES MADE BY COURT TO PARAGRAPHS 3 and 5.2(b)]**<br><br><br>Complaint Filed:   September 3, 2013<br>Trial Date:            None Set |

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this matter would be warranted.  Accordingly, the parties hereby stipulate to and petition this Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties have agreed that the terms of this Protective Order shall also apply to any future voluntary disclosures of confidential, proprietary, or private information.  The parties reserve their rights to object to or withhold any information, including confidential, proprietary, or private information, on any other applicable grounds permitted by law, including third-party rights and relevancy.

2.   DEFINITIONS

2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items:  confidential, proprietary and/or private documents and information produced by the Parties and others, including documents, computer media, records or tangible things (and any abstracts, excerpts, or analyses thereof), and any testimony of witnesses (including the transcribed record thereof, any exhibits thereto, and related audio and video recordings)  that has been

designated by a Party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

      2.4   <u>"CONFIDENTIAL – ATTORNEY'S EYES ONLY"</u>:  Discovery Material or such portion of such material as consists of:

      a) any commercially sensitive and/or confidential business or financial information (including without limitation confidential nonpublic contracts, profitability reports or estimates, sales reports, and sales margins); or

      b) any business or financial information that is confidential, proprietary, or commercially sensitive to third parties who have had business dealings with parties to this action.

      2.5   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

      2.6   <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

      2.7   <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

      2.8   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

      2.9   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in litigation (but not testimony or presentations in court) or in other settings that might reveal Protected Material, but not attorney work product that is derived from the Protected Material.

4.  DURATION

Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.  DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material.  Alternatively, if a Party is producing "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" on a CD or DVD, stamping the CD or DVD itself as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be sufficient so as to designate each and every page and/or document contained on the CD or DVD as such. Documents and written discovery responses shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the time of production.

A Party or non-party that makes originals or copies of documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it intends to copy.   After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must designate, either in writing or on the record (at a deposition), which documents, or portions thereof, qualify for protection under this Order.  Then the Producing Party must affix the "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" legend at the top of each copied page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing

Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY").

(b)    <u>for testimony given in deposition</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Information disclosed at such deposition may also be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" by notifying all of the parties in writing within fifteen (15) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "CONFIDENTIAL." Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)    <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY."

(d)     Notwithstanding any of the foregoing, although documents marked as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may not be shown or given to a Party, the contents of such documents may be disclosed, shared, or communicated to a Party.

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. However, if a document is attached to part of a court filing, then that document cannot be designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY at a later date absent a court order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must comply with Local Rule 37-1, et seq.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  The

Designating Party shall have ten (10) days to explain the basis for why it has designated such material as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

      6.3    <u>Court Intervention</u>. If the Parties cannot resolve their dispute, they shall follow the procedures set forth in Local Rule 37-1, et seq. in order to have the Court address the issue. The parties agree that a confidentiality designation shall not create a presumption in favor of such confidentiality designation, and that the Court shall decide whether the material shall maintain its confidentiality designation.

      Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

    7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

      7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation and for no other purpose. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11 below (FINAL DISPOSITION).

      Protected Material must be stored and maintained by a Receiving Party at a location (e.g., office of counsel for the Receiving Party) and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a "CONFIDENTIAL" information may only be disclosed to the following:

    (a) the Receiving Party's outside counsel, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b) Board members, officers and directors of the Receiving Party;

    (c) the Receiving Party and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who are bound by internal confidentiality obligations as part of their employment or who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with this action, whether or not retained to testify at any oral hearing; provided, however, that prior to the disclosure of the confidential materials to any such expert or expert consultant, counsel for the party making the disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

    (e) the Court and Court personnel assigned to this litigation;

    (f) court reporters and their staffs, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound";

    (g) Clerical or ministerial service providers, including outside copying services and court reporters, retained by a party's counsel to assist such counsel in connection with this action;

    (h) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) the author and recipients of the document or the original source of the information.

7.3 <u>Disclosure of "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's outside counsel, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with this action, whether or not retained to testify at any oral hearing; provided, however, that prior to the disclosure of the confidential materials to any such expert or expert consultant, counsel for the party making the disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

(c) the Court and Court personnel assigned to this litigation;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(e) Clerical or ministerial service providers, including outside copying services and court reporters, retained by a party's counsel to assist such counsel in connection with this action; and

(f) the author and recipients of the document or the original source of the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material, the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than five business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

10.     FILING PROTECTED MATERIAL

Prior to lodging or filing with any court any Protected Material, the party who wishes to lodge or file such Protected Material shall give written notice to the party who designated the documents or materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." The party who designated the Protected Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall have ten (10) days from the receipt of such written notice to apply to such court for an order sealing the Protected Material. The Protected Material may not be lodged or filed with the court by the non-Designating Party prior to the expiration of the ten-day notice period or until the Designating Party has applied to the court to have the Material sealed, whichever comes first. However, once the application to have the Material sealed is filed, and pending a resolution of the application, the Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may not be lodged or filed with the court unless it is placed in a separate sealed envelope or sealed container with the designation "Conditionally Under Seal," or as otherwise provided by Local Rule 79-5.1 regarding the conditional filing of materials under seal. If the court's rules do not permit the conditional filing of materials under seal, then the Party seeking to file such materials must await the court's ruling on the designating Party's application for sealing the Material, and proceed accordingly.

11. **FINAL DISPOSITION**

Unless otherwise ordered or agreed to in writing by the Producing Party, within 60 days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material (but not attorney work product). With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.

Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.  MISCELLANEOUS

    12.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification in the future.

    12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3  <u>Inadvertent Production of Privileged Documents</u>.  If a Party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney-client privilege, the work product privilege, or any other privilege, such production shall not be deemed a waiver of any privilege, and the Producing Party may give written notice to the Receiving Party that the document or information produced is deemed privileged and that return of the document or information is requested.  Upon receipt of such notice, the Receiving Party shall immediately gather the original and all copies of the document or information of which the Receiving Party is aware, in addition to any abstracts, summaries, or descriptions thereof, and shall immediately return the original and all such copies to the Producing Party.  Nothing stated herein shall preclude a Party from challenging an assertion by the other Party of privilege or confidentiality.

    12.4  <u>No Waiver.</u>  Nothing contained herein shall be deemed to waive any applicable privilege.  A waiver by any party of any provisions of this Protective Order

for any purpose shall be strictly construed, and shall not constitute or be deemed to constitute a wavier (a) of any other provision of this Protective Order; (b) for any other purpose; or (c) of any other right of such party.

12.5 Nothing contained herein affects, in anyway, the admissibility of any documents, testimony, or other evidence at trial. The parties shall meet and confer regarding the procedures for use of these "CONFIDENTIAL – ATTORNEY'S EYES ONLY" materials at trial and shall move the Court for entry of an appropriate order.

12.6 This Protective Order shall remain in full force and effect and shall survive even after the final resolution of this action, unless this Protective Order is terminated or modified by order of the Court.

12.7 The parties may, by written stipulation, provide for exceptions and modifications to this stipulated Protective Order and any party may seek an order of this Court modifying this stipulated Protective Order.

12.8 This Protective Order shall bind the parties from the date of execution hereon, prior to and in the absence of entry of this Protective Order by the Court.

12.9 The Court shall have and retains jurisdiction over the parties and their counsel and persons who are bound by this Protective Order with respect to past or future violations of this Protective Order.

12.10 This Protective Order may be executed in counterparts, each of which shall be deemed part of the original and all of which shall constitute one and the same agreement.

**IT IS SO ORDERED.**

Dated: March 10, 2014

By:   /s/ Jacqueline Chooljian
       U.S. MAGISTRATE JUDGE

0015334                0015334:Diamond SupplyJCProtord.docx:3-10-14                - 15 -
ORDER APPROVING STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name], of _____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Diamond Supply v. Forever 21*, Case No. CV13-06440 RSWL (JCx). I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print full name] of _____ [print full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____